IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

SEQUELLE COMMUNICATIONS
ALLIANCE, INC.,

           Plaintiff,

v.                                    CIVIL ACTION NO.  6:05-cv-00707

HEIDI DITCHENDORF LAUGHERY, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are two separate motions to dismiss focusing on the Complaint's failure to satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b).  The first motion to dismiss was filed by defendants Heidi Ditchendorf Laughery, Scott Truslow, Truscom LLC, Mentorgen LLC, Samuel A. Wooster, George L. Anderson, Rama R. Gudhe, and James L. Hymer [Docket 7].   For the reasons explained herein, this motion is **GRANTED** in part and **DENIED** in part.  The motion is **GRANTED** as to all defendants except Ms. Laughery.  The second motion to dismiss was filed by defendants Ronald Maines and his law firm of Wood, Maines & Brown [Docket 26].  This motion is **GRANTED** in full.  The plaintiff will have twenty-one days to file an amended complaint consistent with this opinion.

The plaintiff, Sequelle Communications Alliance, Inc., asks for an award of ten million dollars to compensate it for loss incurred because of the defendants' conduct.  (Compl. ¶ 27.)  To raise money for the construction and initial operation of a wireless broadband service, the plaintiff procured loans from multiple lenders, including the United States Department of Agriculture's Rural

Development Service.  (*Id*. ¶ 19.)  The total funding for the plaintiff's project was supposed to be $3,795,000.  (*Id*.)  The plaintiff's Complaint sets forth general conduct by the defendants that caused some of the funding for the plaintiff's project to fall through.  The plaintiff alleges that the defendants engaged in fraud, embezzlement, misappropriation, and the unauthorized diversion of funds.

Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  The circumstances required to be plead with particularity are the time, place, and contents of the fraud, as well as the identity of the person making the misrepresentation and an explanation of what fruits the fraud procured.  *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).  Rule 9(b) contains a heightened pleading requirement to ensure that defendants have sufficient notice to formulate a defense, to protect defendants from frivolous suits, to eliminate fraud actions where all the facts are learned through discovery, and to protect the reputation of defendants.  *Id*. (quoting *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield, Inc.*, 755 F. Supp. 1055, 1056–57 (S.D. Ga. 1990)).

The plaintiff fails to satisfy Rule 9(b)'s particularity requirement as to any defendant except Ms. Laughery.  Merely stating the "defendants, and each of them, engaged in a scheme or artifice to defraud the plaintiff and its creditors . . ." fails to get anywhere close to the specificity that Rule 9(b) requires.  The plaintiff must explain the facts of the scheme to defraud, who defrauded the plaintiff, how it occurred, and how the defrauders benefitted.

The only defendant the plaintiff sufficiently pleads against is Ms. Laughery.  The plaintiff explains that Ms. Laughery failed to disclose her status as a convicted felon (Compl. ¶ 21) and she

did so to help the plaintiff's funding (*Id*. ¶ 20). The Complaint also details the relationship between Ms. Laughery and the plaintiff's project. (*Id*. ¶ 15–17.) Paragraph 26 of the Complaint, however, which states Ms. Laughery diverted business opportunities from the plaintiff to herself, would have to be plead with more particularity for the claim to be tenable.

Accordingly, the motion to dismiss filed on September 6, 2005 [Docket 7], is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** as to all defendants except Ms. Laughery. The motion to dismiss filed on October 13, 2005 [Docket 26], is **GRANTED** in full. As stated above, the plaintiff has twenty-one days to file an amended complaint consistent with this opinion.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:  November 15, 2005

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE